UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

JAMES DONALD GENE HILLIARD,          )
                                     )
              Plaintiff,             )
                                     )
v.                                   )          No. 2:20-CV-00219-JRG-CRW
                                     )
SULLIVAN COUNTY SHERIFF'S            )
OFFICE, JEFF CASSIDY, KRISTI         )
FRAZIER, and MICHAEL COLE,           )
                                     )
              Defendants.            )

**MEMORANDUM OPINION AND ORDER**

Plaintiff, a prisoner in the Sullivan County Jail, has filed a pro se complaint for violation
of 42 U.S.C. § 1983 [Doc. 1], a motion for leave to proceed *in forma pauperis* [Doc. 4], and his
inmate trust account statement [Doc. 5]. For the reasons set forth below, Plaintiff's motion for
leave to proceed *in forma pauperis* [Doc. 4] will be **GRANTED** and Plaintiff shall have thirty
days from the date of entry of this order to file an amended complaint.

I.      **FILING FEE**

It appears from Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] and his
inmate trust account statement [Doc. 5] that Plaintiff is unable to pay the filing fee. Accordingly,
pursuant to 28 U.S.C. § 1915, his motion for leave to proceed *in forma pauperis* [Doc. 4] will be
**GRANTED**.

Because Plaintiff is an inmate of the Sullivan County Jail, he will be **ASSESSED** the civil
filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to
submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee
37743 as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the

average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## I.    SCREENING STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim are insufficient to state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

## II.    ANALYSIS

In his complaint, Plaintiff states that in 2018, while he was in the Sullivan County Jail, he complained of stomach issues and was transported to the Bristol Regional Medical Center, where doctors discovered that he had a lower hernia and a rotated lower bowel and advised that he "needed surgery as soon as possible" because those conditions can cause various health issues, including sepsis [Doc. 1 at 4]. However, when Plaintiff returned to the jail, he did not receive medications or surgery but did receive a soft diet for easier digestion [*Id.*]. He was released a few months later [*Id.*].

On June 9, 2020, Plaintiff returned to the Sullivan County Jail, and since then he has been having stomach issues that are getting worse due to the jail's food and the fact that he has to climb into a top bunk [*Id.*]. Specifically, his hernia has enlarged, and he has a constant sharp pain in his stomach [*Id.* at 4–5].

3

Plaintiff has filed sick call requests but has not received a response to those requests or been seen by medical personnel [*Id.* at 5]. Plaintiff also filed multiple grievances in which he requested a transfer to a facility where he can receive proper medical treatment, but Defendant Lt. Michael Cole responded that "this is not a grievable issue and that filing multiple grievances does not sit well with him" and could result in Plaintiff staying in the jail longer [*Id.*].

Plaintiff has sued the Sullivan County Sheriff's Office, Sullivan County Sheriff Jeff Cassidy, Sullivan County Head Nurse Kristi Frazier, and Lt. Michael Cole [*Id.* at 3]. As relief, Plaintiff seeks a transfer to a different facility and compensation for pain and suffering [*Id.* at 6].

However, the Sullivan County Sheriff's Office is not a suable entity under § 1983. *Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"); *Mathes v. Metro. Gov't of Nashville & Davidson Cty*., No. 3:10-cv-0496, 2010 WL 3341889, at *1–*2 (collecting cases holding that police and sheriff's departments are not entities subject to suit under § 1983) (M.D. Tenn. Aug. 25, 2010).

Further, Plaintiff does not set forth any facts from which the Court can plausibly infer that Defendants Sheriff Cassidy and Nurse Frazier were personally involved in any violation of his constitutional rights, as required to state a claim against them for violation of § 1983. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (providing that § 1983 liability cannot be premised upon a theory of respondeat superior).

Moreover, as set forth above, Plaintiff's only allegation against Defendant Lt. Cole is that he responded to Plaintiff's grievances by stating that they did not address a grievable issue, and

that multiple grievances on the same issue were not appropriate and could result in Plaintiff staying in the jail longer.  However, this Defendant's knowledge of Plaintiff's grievances does not allow the Court to plausibly infer that he may be liable for the complaint therein under § 1983.  *Frazier*, 41 F. App'x at 764; *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (finding that knowledge of a prisoner's grievance and failure to respond to or remedy the complaint was insufficient to impose liability on supervisory personnel under § 1983).  Also, Plaintiff has "no inherent constitutional right to an effective prison grievance procedure." *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003).  Further, a prison official's verbal harassment or threats toward an inmate do not constitute punishment within the meaning of the Eighth Amendment.  *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987).

Accordingly, the complaint fails to state a claim upon which relief may be granted under § 1983, as filed.  Nevertheless, the Court will allow Plaintiff thirty (30) days from the date of entry of this order to file an amended complaint with a short and plain statement of facts setting forth each alleged violation of his constitutional rights and the individual(s) and/or entity(ies) responsible.[1]  *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (holding that "[u]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA").

### III.    CONCLUSION

For the reasons set forth above:

1.  Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**;

2.  Plaintiff is **ASSESSED** the civil filing fee of $350.00;

---

[1] Plaintiff is **NOTIFIED** that the Court may only address the merits of claims that relate back to Plaintiff's original complaint under Rule 15 of the Federal Rules of Civil Procedure.  Accordingly, Plaintiff **SHALL NOT** attempt to set forth any claims in this amended complaint which were not set forth in her original complaint or do not otherwise relate back under Rule 15, as any such claims may be **DISMISSED**.

5

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to mail a copy of this memorandum opinion and the accompanying order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to furnish a copy of this order to the Court's financial deputy;

5. The Clerk is **DIRECTED** to send Plaintiff a form § 1983 complaint;

6. Plaintiff has thirty (30) days from the date of entry of this order to file an amended complaint in the manner set forth above;

7. Plaintiff is **NOTIFIED** that any amended complaint he files will completely replace the previous complaint;

8. Plaintiff is also **NOTIFIED** that if he fails to timely comply with this order, this action will be dismissed for failure to prosecute and to follow the orders of this Court; and

9. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.


So ordered.

ENTER:


_____
s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE