UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| JAMES DONALD GENE HILLIARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-CV-00219-JRG-CRW |
| ) | |
| SULLIVAN COUNTY SHERIFF'S ) | |
| OFFICE, JEFF CASSIDY, KRISTI ) | |
| FRAZIER, and MICHAEL COLE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This is prisoner's pro se complaint for violation of 42 U.S.C. § 1983. On November 9, 2020, the United States Postal Service returned the Clerk's mail to Plaintiff containing a Court order as undeliverable [Doc. 7]. More than two weeks have passed since the return of this mail and Plaintiff has not updated his address with the Court despite the Clerk previously notifying him that he is required to do so within fourteen days of any change in address and that this matter may be dismissed if he fails to do so [Doc. 3]. Accordingly, for the reasons set forth below, this action will be **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Rule 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." Fed. R. Civ. P. 41(b); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less

> drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Plaintiff's failure update his address with the Court is due to Plaintiff's willfulness or fault, as Plaintiff failed to update the Court of his current address within fourteen days of an address change despite the Clerk informing him of the requirement that he do so. As to the second factor, the Court finds that Plaintiff's failure to update the Court of his address change has not prejudiced Defendants, as they have not been served, but notes that neither the Court nor Defendants can communicate with Plaintiff without his current address. As to the third factor, again, the Clerk previously warned Plaintiff that this action may be dismissed if he failed to timely notify the Court of any change in his address. Finally, as to the fourth factor, the Court finds that alternative sanctions are not warranted. Plaintiff is proceeding *in forma pauperis* herein [Doc. 6] and has failed to update his address with the Court.

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from updating his address, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED** for want of prosecution pursuant to Rule 41(b). The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

ENTER:

                                                          s/J. RONNIE GREER
                                    UNITED STATES DISTRICT JUDGE